IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FRED LEE DAVENPORT,

Plaintiff,

v.                                                      OPINION and ORDER

KYLE FERSTL, JOSHUA HIEN,                               24-cv-179-wmc
and MATTHEW WOLLYUNG,

Defendants.

Self-represented plaintiff Fred Lee Davenport alleges that the defendant correctional officers ignored his March 2024 self-harm attempts while he was incarcerated at Columbia Correctional Institution.  Plaintiff seeks to review defendants' body worn camera footage as well as tier video of the alleged underlying events.  Dkt. 39.  He also seeks sanctions against defendants for allegedly failing to preserve and produce all of the requested video footage.  Dkt. 48 & Dkt. 49.  For the following reasons, the court will grant plaintiff's motion to compel in part and decline to impose sanctions on this record.[1]

ANALYSIS

The parties dispute the disclosure of certain video evidence.  Generally, discovery is broad.  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

---

[1] Also under advisement is defendants' motion for summary judgment.  Dkt. 27.  The court will address that motion in a separate order.

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery otherwise allowed if it is unreasonably cumulative or duplicative, or if the burden or expense of the proposed discovery outweighs its likely benefit in the context of the case. Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff seeks disclosure of body worn camera and tier video footage of the alleged underlying events. Specifically, plaintiff notes that no tier video footage or body worn camera footage from defendant Kyle Ferstl was produced and suggests that some of the body worn camera video files are mislabeled, do not capture the requested time frame, and are not of the best quality available. He also requests sanctions because the video evidence was not disclosed to him before the summary judgment deadline. He further alleges that defense counsel has been dishonest, and that defendants have spoliated evidence.

In support, plaintiff submitted a March 6, 2024 information request for the preservation of defendants' body worn camera footage and "all tier camera footage" of "deliberate indifference to me cutting on B-Upper Cell #36 during HS med pass on March 3rd, 2024 per DOC 306.16.01." Dkt. 52-1 at 1. The request clarifies that the med pass occurred at approximately 8:00 p.m. The response from the security director's office asks for clarification of the requested time frame, and notes "[t]he requested video has been preserved as of 3/14/24." *Id.*

Defendants state that they have provided "all relevant and discoverable video" they possess, which consists of five videos also produced to the court with defendants' response to

2

plaintiff's motion.  Dkt. 47.  The court received two files labeled as body worn camera footage from nonparty Zenk, as well as body worn camera footage from Hein and Wollyung, and from an unidentified officer.[2]  Dkt. 47-1.  The files did not include any tier camera footage. Defendants report that, while their counsel has received phone calls and letters from plaintiff about other cases, plaintiff has not contacted them regarding this specific discovery dispute. They also argue that plaintiff's motion to compel is moot because his claims lack merit.

To the extent defendants are relying on their assessment of the merits of this case as a basis to withhold video footage, that objection is overruled.  Whether defendants believe plaintiff's claims have merit is irrelevant to the question of whether certain materials are relevant to the claims in this case and thus discoverable under Rule 26(b).

Because tier camera and Ferstl's body worn camera footage was reported preserved but does not appear to have been produced, the court will order defendants to do a second review of the video footage they possess and to make any necessary supplemental disclosure within two weeks of this order.  Any videos capturing the underlying events alleged in this case are relevant and should be disclosed in as unaltered a state as possible.  To provide a baseline:  The court has reviewed the videos submitted with defendants' response and found no issues with their image or sound quality.  Defendants must also ensure that all video files produced are

---

[2] Defendants note that some of the videos have been edited to exclude portions filmed in areas outside where plaintiff was housed at the time and the protected health care information of other inmates.  Defendants explain that while they produced the edited videos to the court, they will produce the unedited versions upon request so that the court can "independently determine whether more video should be provided to the Plaintiff or how to best protect other inmates' confidential health information."  Dkt. 47 at 2.  That is not an appropriate use of *in camera* review, which is primarily used to determine whether materials are privileged, not as tool for parties to use to brainstorm disclosure solutions.

properly and clearly labeled, and they must notify plaintiff of the results of this second review once complete.

To the extent any of the video footage plaintiff requested be preserved is not available, defendants must tell plaintiff. The court cannot compel defendants to produce or preserve materials that do not exist, and there is no evidence to date that any videos were deleted or destroyed, let alone purposely so. If plaintiff continues to believe otherwise, however, he may reraise the issue, but he must keep in mind that to prevail on such a claim, he will have to meet the high bar of showing that defendants destroyed the evidence on purpose to hide adverse information. *See Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428 (7th Cir. 2010) ("The crucial element in a spoliation claim is not the fact that the [evidence was] destroyed but that [it was] destroyed for the purpose of hiding adverse information.").

The court will not sanction defendants on this record. It is unclear when plaintiff requested production of this video footage in relation to the summary judgment deadline. And plaintiff did not submit any evidence of attempts to meet and confer with defendants about this specific discovery dispute in this case before filing his discovery-related motions. *See* Fed. R. Civ. P. 37(a)(1) (requiring that the moving party has in good faith conferred or attempted to confer with the opposing part to resolve a dispute without court intervention); *see also* Dkt. 20 at 10 ("Before any party may file a discovery motion with the court, that party first must try to work out the dispute with the other side."). Moreover, plaintiff has been able to timely draft and file a response incorporating the video evidence as well as proposed findings of fact and a declaration in support. Dkt. 34–37.

4

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel, Dkt. 39, is GRANTED in part and DENIED in part.

2. By May 13, 2026, defendants are ORDERED to review the available video evidence, clarify what has been produced, make available any discoverable additional footage, and notify plaintiff of the results.

3. Plaintiff's motion for sanctions, Dkt. 48 & Dkt. 49, is DENIED.

Entered April 29, 2026.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge